UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| MATTHEW GRIMES, on behalf of himself and all others similarly situated, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 3:16-CV-472-TLS |
| EVERGREEN RECREATIONAL VEHICLES, LLC, KR ENTERPRISES, INC., and JMA, LLC, | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendants KR Enterprises, Inc. and JMA, LLC's Motion to Dismiss Plaintiff's Class Action Complaint [ECF No. 12], filed on September 20, 2016. Two of the Defendants, KR Enterprises, Inc., and JMA, LLC, maintain that the Plaintiff's Class Action Complaint for Violation of the Worker Adjustment and Retraining Notification Act (WARN Act) does not state a claim upon which relief can be granted because it fails to plead sufficient facts to plausibly demonstrate that they—together with the third Defendant, EverGreen Recreational Vehicles, LLC—constitute a "single employer."

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Requirements for stating a claim under the federal pleading standards are straightforward. The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In considering motions to dismiss for failure to state a claim, the court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 680. A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

## COMPLAINT ALLEGATIONS

The following allegations are set forth in the Complaint for Violation of WARN Act, 29 U.S.C. § 2101 [ECF No. 1], filed by Plaintiff Matthew Grimes.

The Plaintiff was directly employed by EverGreen Recreational Vehicles, LLC (EverGreen), which is an Indiana corporation with its principal place of business on County

Road 2 in Middlebury, Indiana. The Plaintiff worked at the County Road Facility. Upon information and belief, EverGreen also operated under the business name of Lifestyle Luxury RV. Defendant KR Enterprises, Inc. (KR) is an Indiana corporation, with its principal place of business on Lovejoy Drive in Middlebury, Indiana. Defendant JMA LLC (JMA) is an Indiana corporation with its principal place of business located on Hilltop Road in Union, Michigan. "Defendants KR and JMA were the managers of EverGreen and upon information and belief, they were its owners." (Compl. ¶ 13, ECF No. 1.)

The Plaintiff's employment was terminated on June 8, 2016. About 270 other similarly situated employees "were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings by Defendants." (*Id.* ¶ 14.) The terminations occurred without sixty days advance notice to the employees. The terminated employees worked at either the County Road Facility or the Lovejoy Facility. The Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime. The Defendants constitute a single employer because:

> (a) Defendants shared common ownership, in that, upon information and belief, KR and JMA owned EverGreen;
>
> (b) Defendants shared common officers and directors, in that EverGreen's founders and officers were the owners and officers of KR and JMA:
>
>> i. KR: Kelly Rose is the President.
>> ii. JMA: Michael Schoeffler is the President.
>> iii. EverGreen: Kelly Rose is the founder and Chairman, Michael Schoeffler is the CEO.
>
> (c) Upon information and belief, Defendants KR and JMA exercised de facto control over the labor practices of EverGreen including the termination of Plaintiff and Class Members, by controlling the decision to effect mass layoffs or plant closings at the Facilities.

3

(d) Upon information and belief, Defendants shared facilities as EverGreen and KR's principal places of business were located at either the Lovejoy Facility or the County Road Facility and JMA's registered agent address is Michael Schoeffler at the Lovejoy Facility.

(e) Upon information and belief, KR and JMA were the investment vehicles through which Kelly Rose and Michael Schoeffler purchased and exerted control over the actions of EverGreen, including its decision to terminate the employees.

(f) Kelly Rose did not distinguish between himself and EverGreen. When EverGreen purchased Skyline Corp., Mr. Rose issued a press release stating "I consider this a great honor to accept the reins from Art and carry on a longtime tradition of quality and integrity that Art has instilled in his companies over the years[.]"

(*Id.* ¶ 27.)

## ANALYSIS

Under the WARN Act, "[a]n employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order" to each affected employee. 29 U.S.C. § 2102(a)(1). The WARN Act defines an "employer" as "any business enterprise" that employs the requisite number of employees. 29 U.S.C. § 2101(a)(1). The Act does not define "business enterprise." The Department of Labor (DOL) has promulgated regulations to interpret the WARN Act, including for the definition of employer. *See* 20 C.F.R. § 639.3(a). "[I]ndependent contractors and subsidiaries which are wholly or partially owned by a parent company are treated as separate employers or as a part of the parent or contracting company depending upon the degree of their independence from the parent." *Id.* § 639.3(a)(2). "Some of the factors to be considered in making this determination are (i) common ownership, (ii) common directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies emanating from a common source, and (v) the dependency of operations." *Id.*

4

Both parties assume that the DOL's interpretation of the WARN Act is reasonable. However, they disagree about its application and the level of specificity required to survive a Rule 12(b)(6) motion to dismiss on the single employer issue. The Plaintiff submits that the Complaint identifies the relevant actors, time period, and nature of the violation, and that the Defendants' Motion to Dismiss "demand[s] Plaintiff do the impossible and set forth facts that are in Defendants' possession, such as behind-the-scenes details of the events leading to the decision to terminate Plaintiff and the putative class." (Resp. 1, ECF No. 16.) The Plaintiff complains that the Defendants "improperly treat allegations made on information and belief as nullities, and seek to dodge basic facts already admitted by EverGreen in this litigation." (*Id.*)

The Defendants maintain that the Plaintiff's contention that he has pleaded sufficient facts to support a plausible inference that the Defendants constitute a "single employer"

> appears to be premised on Grimes' argument that his allegations of common ownership and management are also sufficient to support a plausible inference of de facto control. However, contrary to Grimes' argument, he must combine such allegations with additional factual allegations of control—and not merely conclusory allegations premised on unspecified secondhand information—to raise his contention from the speculative to the plausible.

(Reply 2, ECF No. 19.)

The Defendants argue that the Complaint fails to plead sufficient facts with respect to four of the five DOL factors: (a) common ownership (b) de facto exercise of control (c) unity of personnel policies, and (d) dependency of operations. The Defendants acknowledge that the second DOL factor— common directors and/or officers— is sufficiently alleged. However, they assert that this factor, by itself, is not sufficient to impose "single employer" liability under the WARN Act.

The Court finds, based on the totality of the allegations, that the Complaint should be

5

allowed to proceed. The Plaintiff has alleged that KR and JMA exercised de facto control over the labor practices of EverGreen including the decision to effect mass layoffs or plant closings at the Facilities. Although the Plaintiff makes these allegations on information and belief, the Plaintiff includes sufficient allegations about other matters, such as common officers or directors and common ownership, to "raise a reasonable expectation that discovery will reveal evidence" to support liability for the wrongdoing alleged. *Twombly*, 550 U.S. at 556.

The Defendants argue that these allegations are conclusory and speculative. The Court does not find the allegation to be implausible and rejects the Defendants' "invitation to interpret Rule 8, *Twombly*, and *Iqbal* as requiring more." *Huon v. Denton*, 841 F.3d 733, 743 (7th Cir. 2016). To do so might cause "potentially meritorious claims" to "be prematurely and improperly dismissed . . . , since the information necessary to prove or refute allegations like [the plaintiff's] is typically available only to defendants." *Id.* "[U]nder Rule 8(a), a party alleging matters peculiarly within another party's knowledge may plead those matters on 'information and belief.'" *FirstMerit Bank, N.A. v. Ferrari*, 71 F. Supp. 3d 751, 757 (N.D. Ill. 2014) (citing *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005)). Determining whether two companies constitute a single entity requires an analysis of factors that are uniquely available to the Defendants. It also requires weighing the totality of the circumstances. *See Esmark, Inc. v. N.L.R.B.*, 887 F.2d 739, 753 (7th Cir. 1989). The Court does not find it appropriate to conduct such a balancing test at the pleading stage. *See, e.g.*, *Huon*, 841 F.3d at 742 ("Discovery is the proper tool for [the plaintiff] to use to test the validity of his allegations, and if he is unable to marshal enough facts to support his claim the . . . [d]efendants can move for summary judgment.").

As required by Rule 8(a), the Complaint gives the Defendants fair notice of the claim

6

against them and the grounds upon which it rests. The Complaint also alleges sufficient facts that, when taken as true, plausibly show that the decision to terminate the employees at EverGreen was a decision made by KR, JMA, and EverGreen, acting as a single employer.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendants KR Enterprises, Inc. and JMA, LLC's Motion to Dismiss Plaintiff's Class Action Complaint [ECF No. 12].

SO ORDERED on December 12, 2016.

s/ Theresa L. Springmann<br>
THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT<br>
FORT WAYNE DIVISION