UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MATTHEW GRIMES, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:16-CV-472-JD ) |
| EVERGREEN RECREATIONAL VEHICLES, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion for Class Certification filed by Plaintiff Matthew Grimes ("Grimes") [DE 30; DE 38] regarding an action brought pursuant to the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101. Defendants Evergreen Recreational Vehicles, LLC ("Evergreen RV"), KR Enterprises, Inc. ("KR Enterprises"), and JMA, LLC ("JMA") (collectively, "Defendants"), oppose certification of the proposed class [DE 39], and Grimes has filed a reply in support of his motion [DE 41].

### I. FACTUAL BACKGROUND

Despite asserted attempts to obtain the necessary financing and business to continue its recreational vehicle operations, in early June 2016, Evergreen RV set into motion the permanent closure of its facilities located at 10758 County Road 2, Middlebury, Indiana 46540 ("County Road Facility") and at 51700 Lovejoy Drive, Middlebury, Indiana 46540 ("Lovejoy Drive Facility") [DE 38]. After being employed as a regional sales manager out of the County Road Facility since January 2011, Grimes was terminated on June 8, 2016, without written notice. Thereafter, he received a letter dated June 14th, purporting to provide him "notice" under the

WARN Act [DE 38 at 6]. The letter stated that the closure of the two Evergreen RV facilities would be completed by June 24th and would affect approximately 270 employees.

Grimes is "eager and willing" to represent himself and the other 270 Evergreen RV employees who were terminated under the same circumstances in June 2016, which he alleges was in violation of the WARN Act because Defendants failed to provide sixty days' written notice of the plant closings or mass layoffs. Grimes seeks, on behalf of himself and the class, the respective wages and benefits allowed under the WARN Act.

In opposing class certification, Defendants contest whether KR Enterprises or JMA can be held legally responsible for any WARN Act violation under a "single employer" theory. Having said that, Defendants have not contested that approximately 270 Evergreen RV employees were terminated in June 2016 when the facilities closed, nor do they argue that the number of affected employees at each facility (or "site") would fail to meet the threshold number required to invoke the WARN Act's notification requirements. Rather, as detailed below, Defendants allege some curable problems with respect to the proposed class definition and notice. Defendants also take exception to Grimes' ability to adequately represent the class and satisfy the typicality requirement, because he worked remotely from his home in North Carolina [DE 39-1] and was purportedly insufficiently connected to either facility.

## II. ANALYSIS

Rule 23 of the Federal Rules of Civil Procedure governs the certification of class actions in federal court. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 344 (2011). Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate. *Id.* at 349. The Rule's four requirements—numerosity, commonality, typicality, and adequacy—effectively limit the class claims to those fairly encompassed by the named plaintiff's

claims. *Id*. (citations and internal quotations omitted). If all of these prerequisites are met, a court must also find that at least one of the subsections of Rule 23(b) is satisfied.

In this case, Grimes seeks class certification under Rule 23(b)(3). Rule 23(b)(3) applies when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Rule 23(b)(3) class actions are designed to cover cases "in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Suchanek v. Sturm Foods, Inc*., 764 F.3d 750, 759 (7th Cir. 2014) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (alteration omitted)). The (b)(3) "opt-out" class facilitates the vindication of "the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Id*. (citing *Amchem Prods., Inc.*, 521 U.S. at 617 (citation omitted)).

"Failure to meet any of the Rule's requirements precludes class certification." *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008). The Plaintiff, as the party seeking class certification, assumes the burden of demonstrating that certification is appropriate. *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984); *Wal–Mart*, 564 U.S. at 350 ("A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc.") (emphasis in original).

A district court has broad discretion to determine whether certification of a class action lawsuit is appropriate. *Arreola*, 546 F.3d at 794. The United States Supreme Court has made clear, however, that the district court is to perform a "rigorous analysis" to determine that the

3

prerequisites of Rule 23 are satisfied when a class is to be certified because actual, not presumed, conformance with Rule 23(a) remains indispensable. *Wal–Mart*, 564 U.S. at 350-51 (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160–61 (1982)). Frequently, that "rigorous analysis" will entail some overlap with the merits of the plaintiff's underlying claim, and this cannot be helped. *Id.* (noting that sometimes *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) is mistakenly cited for the proposition that the merits of the claims for relief may not be considered in adjudicating the motion for class certification, and clarifying that such a proposition is "the purest dictum and is contradicted by other cases"). However, "[i]n conducting this analysis, the court should not turn the class certification proceedings into a dress rehearsal for the trial on the merits." *Messner v. Northshore Univ. Healthsys.*, 669 F.3d 802, 811 (7th Cir. 2012). But "[i]f there are material factual disputes, the court must 'receive evidence . . . and resolve the disputes before deciding whether to certify the class.'" *Id.* (citation omitted).

## A.    Nature of the Class Claim

The WARN Act requires that certain employers provide sixty days' notice to employees before engaging in a plant closing[1] or mass layoff[2] at a single site of employment, as those terms are defined by the statute. 29 U.S.C. §§ 2101(a), 2102(a). If an employer fails to give notice as

---

[1] The term "plant closing" means "the permanent or temporary shutdown of a single site of employment . . . if the shutdown results in an employment loss at the single site of employment during any 30-day period for 50 or more employees excluding any part-time employees." 29 U.S.C. § 2101(a)(2).

[2] The term "mass layoff" means "a reduction in force which--(A) is not the result of a plant closing; and (B) results in an employment loss at the single site of employment during any 30-day period for-- (i)(I) at least 33 percent of the employees (excluding any part-time employees); and (II) at least 50 employees (excluding any part-time employees); or (ii) at least 500 employees (excluding any part-time employees)." 29 U.S.C. § 2101(a)(3).

required under the WARN Act, a person seeking to enforce such liability has the right to sue the employer for back pay and benefits. *Id*. at § 2104.

Grimes asserts a WARN Act claim against three distinct corporate entities that are named as Defendants. Defendants admit that Grimes was employed by Evergreen RV (whose principal place of business was the County Road Facility) [DE 14; DE 21], and Grimes' declaration indicates that this facility was his place of employment [DE 38], even though he worked remotely from North Carolina [DE 39-1]. Defendants also admit that KR Enterprises and JMA each have ownership interests in Evergreen RV [DE 14; DE 21]. Thus, under a "single employer" theory, Grimes blames all three Defendants[3] for terminating him and the other 270 employees by permanently closing the two Evergreen RV facilities in June 2016, without adequate notice.

One of the arguments made by Defendants in opposing class certification, is that the proposed class action constitutes an improper "fail safe" class because its members can only be ascertained *after* the Court renders a decision on the merits of the "single employer" theory[4] [DE 39 at 9-10]. However, the Court finds this argument unpersuasive.

Evergreen RV's liability under the WARN Act will come down to questions of whether it was required to provide notice under the Act to employees at either or both facilities, and if so, whether it provided such notice or had a valid defense excusing it from doing so. Whether or not KR Enterprises and JMA will also be held liable as "employers," *see* 29 U.S.C. § 2101(a)(1)

---

[3] The complaint alleges that Defendants shared common officers and directors, and that KR Enterprises and JMA exercised de facto control over the labor practices of Evergreen RV [DE 1].

[4] In denying the prior motion to dismiss, this Court determined that whether or not the decision to terminate employees of Evergreen RV was a decision made by all of the Defendants acting as a single employer "requires an analysis of factors that are uniquely available to the Defendants" and use of a "balancing test," which is more appropriately dealt with after discovery has been conducted [DE 20 at 6].

(defining an employer to mean "any business enterprise"), will depend in great part on the relationship between the entities and their respective roles in making employment decisions affecting Evergreen RV employees, including the decision to close the two facilities, *see* 20 C.F.R. § 639.3(a). *Castro v. Chicago Hous. Auth.*, 360 F.3d 721, 729 (7th Cir. 2004) (applying the United States Department of Labor's interpretation of "business enterprise" under 20 C.F.R. § 639.3); *Young v. Fortis Plastics, LLC*, 294 F.R.D. 128, 133 (N.D. Ind. 2013), modified in part sub nom. *Lace v. Fortis Plastics LLC*, No. 3:12-CV-363 JD, 2015 WL 1383806 (N.D. Ind. Mar. 24, 2015) (listing cases applying the DOL factors to determine the potential liability under the WARN Act to companies closely affiliated with the plaintiff's direct employer).

Thus, there appears to be no dispute that at least one of the named Defendants—Evergreen RV—employed Grimes and the proposed class members, consisting of approximately 270 people that worked at its two Middlebury facilities. And the outstanding question of whether or not each of the Defendant entities constitutes an employer covered by the WARN Act, 29 U.S.C. § 2101(a)(1), does not necessarily bar class certification; rather, it presents a common question of law and fact that will affect the putative class. *See, e.g., May v. Blackhawk Mining*, LLC, 319 F.R.D. 233, 237 (E.D. Ky. 2017). In addition, the class can easily be defined by referencing the two facilities where the employees worked at or reported to, as opposed to referencing the named Defendants as their employers. *See Young*, 294 F.R.D. at 139; *Lace v. Fortis Plastics, LLC*, 295 F.R.D. 192, 206 (N.D. Ind. 2013).

In sum, to prevail in this case, the fired Evergreen RV employees must establish that a Defendant constitutes an employer covered by the WARN Act, 29 U.S.C. § 2101(a)(1), that a plant closing or mass layoff occurred, § 2101(a)(2)-(3), and that the required notice was not provided to the employees, § 2102(a). The Court would note that the WARN Act itself indicates

that class treatment may be appropriate in this type of litigation, which provides that a person may sue on behalf of himself and "for other persons similarly situated." § 2104(a)(5).

**B.      Class Certification**

Having considered the nature of the class claim, the Court now turns to Rule 23(a)'s four requirements: numerosity, commonality, typicality, and adequacy of representation. Here, Grimes initially sought to certify the following class:

> Plaintiff and all former employees of Defendants: (i) who worked at or reported to one of Defendants' facilities, (ii) who were terminated from employment on or about June 8, 2016, within 30 days of that date, or in reasonable anticipation of or as the foreseeable consequence of the mass layoffs or plant closings ordered by Defendants on or about June 8, 2016, (iii) who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5) and (iv), who have not filed a timely request to opt-out of the class.

[DE 30-1 at 7].

In response, Defendants argue that the proposed class too vaguely identifies the facilities at issue, and inappropriately relies on the subjective intent (or state of mind) of the employer [DE 39]. In support of its position, the defense references the classes that were re-defined and certified by this Court in *Lace* and *Young*.

In reply, Grimes' counsel agrees that the class definition should be tailored similar to the *Lace* and *Young* classes, to read as follows:

> Any and all persons who worked at or reported to a facility located at 10758 County Road 2, Middlebury, Indiana 46540 or 51700 Lovejoy Drive, Middlebury, Indiana 46540, within sixty days prior to the closing of those facilities.

[DE 41].

The Court agrees that use of this class definition (hereinafter "the proposed class") eliminates the concerns raised by Defendants. Moreover, by identifying the class of people to whom notice would have been required under the WARN Act, the definition captures those potentially harmed, while providing a presently identifiable class of individuals for notice

purposes. *See Messner*, 669 F.3d at 826 n.15 ("In circumstances such as these, involving minor overbreadth problems that do not call into question the validity of the class as a whole, the better course is not to deny class certification entirely but to amend the class definition as needed to correct for the overbreadth."). Finally, the Court incorporates by reference the below discussion of the Rule 23(a) and (b) factors, in finding that this definition is appropriate.

### 1. Rule 23(a)(1): Numerosity

The first requirement under Rule 23(a) is that the purported class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). To be impracticable, joinder need not be impossible, but instead must be shown to be inconvenient and difficult. *See Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993); *Gomez v. Illinois State Bd. of Ed.*, 117 F.R.D. 394, 398–99 (N.D. Ill. 1987). In determining whether joinder of all class members is impracticable, the court should consider factors including the size of the class, the geographic dispersion of the members, the nature of the relief sought, and the practicality of forcing relitigation of a common core of issues. *See Gomez*, 117 F.R.D. at 399 (citations omitted). A court must rely on simple common sense when determining whether a class size meets the numerosity requirement. *See Flood v. Dominguez,* 270 F.R.D. 413, 417 (N.D. Ind. 2010) (citing *Redmon v. Uncle Julio's of Ill., Inc.,* 249 F.R.D. 290, 294 (N.D. Ill. 2008)).

With respect to the proposed class, Grimes' declaration indicates that approximately 270 employees were terminated as a result of the closing of Evergreen RV's two facilities. Moreover, the "WARN notice" letter that Grimes received from Evergreen RV acknowledges that 270 employees were affected by the closures in June 2016.

The defense does not contend that Grimes failed to meet the numerosity requirement, likely because a class of this size unquestionably fulfills said requirement. *See Shepherd v. ASI, Ltd.*, 295 F.R.D. 289, 296–97 (S.D. Ind. 2013) (WARN Act class action involving 273 people

met this element). The number of potential class members, as well as the judicial inefficiency of attempting to try a case with so many individual plaintiffs, convinces the Court that the class is so numerous as to make joinder impracticable.

## 2. Rule 23(a)(2): Commonality

The second requirement under Rule 23(a) is that the plaintiff must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Claims of individual class members may be common if they arise from a "common nucleus of operative fact," which is usually satisfied where the defendant engaged in standardized conduct towards members of the proposed class. *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). The critical point is the need for conduct common to members of the class. *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 553 (7th Cir. 2016), reh'g and suggestion for reh'g en banc denied (Aug. 3, 2016) (citations and quotations omitted). The common question (or common questions) need not address every aspect of the plaintiffs' claims, but it must "drive the resolution of the litigation." *Id.* (citing *Wal–Mart*, 564 U.S. at 350). It must "resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*; *Wal–Mart*, 564 U.S. at 359 ("We consider dissimilarities not in order to determine (as Rule 23(b)(3) requires) whether common questions *predominate*, but in order to determine (as Rule 23(a)(2) requires) whether there *is* '[e]ven a single [common] question.'" (emphasis in original)).

The defense poses no objection to this requirement having been met by Grimes. And here, the Court agrees with Grimes that there are questions of law and fact common to the proposed class. The very nature of this WARN Act litigation indicates the presence of a single large employment event that took place in June 2016 without adequate notice by Defendants, which resulted in the termination of over 250 employees who worked at one of two Middlebury facilities. *See Shepherd,* 295 F.R.D. at 297 (the commonality criterion was met where the

9

questions to be resolved concerned whether the termination of all employees at the same time and in the same manner implicated the protections of the WARN Act and whether proper notice was given). Additionally, the question of whether each of the corporate Defendants can be held legally responsible under a "single employer" theory, will be based on similar facts for Grimes and the class members. *See May*, 319 F.R.D. at 237. In sum, the complaint here presents an opportunity to determine, in one stroke, whether Defendants' conduct violated their legal obligations to provide notice to all of the employees terminated in June 2016. Accordingly, the requirement of commonality is established with respect to the proposed class.

### 3. Rule 23(a)(3): Typicality

The third requirement under Rule 23(a) is that the plaintiff must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Although "[t]he typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members," the requirement "primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (citation omitted).

With respect to satisfying the typicality requirement, Grimes argues that he and the other members of the proposed class suffered the same type of injury which resulted from the same course of events that occurred in June 2016. After losing their jobs without sixty days' notice, Grimes and the proposed class did not receive the back pay and benefits that were due under the WARN Act. To substantiate his position, Grimes stated in his declaration that he believes "the

circumstances of [his] termination are the same as those of the other former employees" who worked at one of the two Middlebury facilities [DE 38 at 4]. He also confirmed that he has no conflict of interest with the other class members. *Id*.

In their response, Defendants argue that Grimes failed to satisfy the typicality requirement because he has not demonstrated that the terminations resulted from the same "mass layoff" or "plant closing," nor that the separate facilities constitute a "single site of employment" for purposes of the WARN Act. Defendants also contend that Grimes' claims are not typical of the class members' claims because he only worked remotely from his home in North Carolina, as opposed to working at one of the facilities.

The Court finds that these issues do not defeat the typicality requirement. It is true that in order for there to be a violation of the WARN Act, a "mass layoff" or "plant closing" must have occurred at a "single site of employment."[5] However, whether or not the June 2016 facility closures consisted of "plant closings" or "mass layoffs" rests on facts (including the number of employees working at each location) that are uniquely available to the Defendants. At this point, little is known about Defendants' structure and operations at either location. However, the WARN Act letter received by Grimes indicates that even the Defendants considered the shutdown to be a single employment event. And given that 270 employees were affected at only

---

[5] The DOL has defined a "single site of employment" as "either a single location or a group of contiguous locations. Groups of structures which form a campus or industrial park, or separate facilities across the street from each other may be considered a single site of employment." 20 C.F.R. § 639.3(i)(1). Even if not immediately contiguous, separate facilities may be considered a single site of employment "if they are in reasonable geographic proximity, used for the same purpose, and share the same staff and equipment. An example is an employer who manages a number of warehouses in an area but who regularly shifts or rotates the same employees from one building to another." *Id*. § 639.3(i)(3). "Non-contiguous sites in the same geographic area which do not share the same staff or operational purpose should not be considered a single site. For example, assembly plants which are located on opposite sides of a town and which are managed by a single employer are separate sites if they employ different workers." *Id*. § 639.3(i)(4).

two facilities, it is unsurprising that Defendants have not argued that the number of affected employees at each site fails to meet the WARN Act threshold.

Thus, the concerns raised by the Defendants will be ferreted out during the course of discovery, but they do not prevent class certification. If future discovery were to establish that the typically requirement, or any one of the Rule 23(a) requirements, is no longer satisfied, then the Court retains jurisdiction to decertify or modify the class as appropriate. Fed. R. Civ. P. 23(c)(1)(C); *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 798 (7th Cir. 2013) ("rulings on certification in class action suits are tentative and can be revisited by the district court as changed circumstances require"); *Johnson v. Meriter Health Servs. Emp. Ret. Plan*, 702 F.3d 364, 370 (7th Cir. 2012) (noting that the district court was correct to rule that the class could be decertified if circumstances change).

Moreover, the fact that Grimes worked remotely does not mean that his claims are not typical of the proposed class. Federal regulations clarify that for workers who are out-stationed or whose primary duties involve work outside any of the employer's regular employment sites, their site of employment is the one to which they are assigned as their home base, from which their work is assigned, or to which they report. 20 C.F.R. § 639.3(i)(6); *see Shepherd*, 295 F.R.D. at 295. Thus, absent evidence calling into doubt Grimes' declaration that he worked remotely as a regional sales manager out of the County Road Facility, that facility would be considered his employment site. *Id*. Moreover, the WARN Act does not require that a person seeking to enforce the WARN Act be employed at the actual site of the mass layoff or plant closing. *See Roquet v. Anderson*, No. 02 C 2689, 2003 WL 21994019, at *3–4 (N.D. Ill. Aug. 18, 2003). The Act provides that: "A person seeking to enforce such liability, including a representative of employees or a unit of local government aggrieved under paragraph (1) or (3), may sue either for such person or for other persons similarly situated, or both, in any district court of the United

States . . .". 29 U.S.C. § 2104(a)(5). The WARN Act, by giving a representative of employees or a unit of local government the right to file suit under the Act, makes clear that employment at the site of the mass layoff or plant closing is not a prerequisite for enforcing the Act on behalf of "other persons similarly situated." *See Roquet*, 2003 WL 21994019, at *3. In the instant case, "other persons similarly situated" includes those employees at both of Evergreen RV's facilities. And because Grimes has confirmed that no potential conflicts exist between himself and the proposed class, and the Court can think of none, there appears to be no reason to require the participation of other previous employees.[6] *See Ramcharan v. A.F.L. Quality, Inc.*, No. 1:12-CV-07551, 2014 WL 4388579, at *7 (D.N.J. Sept. 5, 2014). Accordingly, the Court is satisfied that Grimes has met his burden of demonstrating typicality.

    4.    **Rule 23(a)(4): Adequacy of Representation**

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy of representation is composed of two parts: "the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest" of the class members. *Retired Chicago Police Ass'n v. City of Chi.*, 7 F.3d 584, 598 (7th Cir. 1993). "A class is not fairly and adequately represented if class members have antagonistic or conflicting claims." *Rosario*, 963 F.2d at 1018. Also, counsel for the named plaintiffs must be experienced and qualified and generally be able to conduct the litigation. *See Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981).

---

[6] Plaintiff has offered, in the event that a conflict arises, to join another class representative who worked in the County Road Facility [DE 41-1]. That individual has declared his willingness to represent other former employees in this class action given his belief that the circumstances of his termination were the same as the circumstances surrounding the termination of the other employees.

13

With respect to the adequacy of Grimes personally, the Court has already dispelled most of the reasons provided for the defense's objecting to his representation. The remaining concern raised is over Grimes' delay of 48 days in submitting his declaration on account of some personal circumstances [DE 39 at 18]. This argument deserves little discussion, except to say that such a delay is no more egregious than the three extensions of time (totaling 57 days) sought by the Defendants to respond to discovery [DE 47; DE 51; DE 54]. The Court is mindful that class actions typically involve inherent complexities, some of which require extra time to resolve. Thus, Grimes' delay in submitting his declaration to support class certification does not suffice as a basis for disallowing his representation of the proposed class. Ultimately, the claims of Grimes are identical to those of the other members of the proposed class and there is no evidence of some unique defense or circumstance that would cause conflict between Grimes and the other members of the proposed class. Based on this record, the Court finds that Grimes is adequate to represent the interests of the proposed class.

With respect to the adequacy of class counsel, Defendants do not contest the qualifications of attorneys Rene Roupinian and Jack Raisner of the law firm Outten & Golden LLP, who are assisted by other local attorneys as well. Rene Roupinian submitted a declaration outlining their qualifications, credentials, and vast experience in handling employment rights litigation, and specifically, the firm's involvement in at least one hundred WARN Act class actions [DE 30-3]. The Court is satisfied that the law firm of Outten & Golden LLP will be adequate to represent the interests of the proposed class.

With Grimes having satisfied the Rule 23(a) factors, the Court considers the request that the class be certified under Rule 23(b)(3).

**5.     Rule 23(b)(3):  Predominance of Common Questions & Superiority of Class Determination**

Rule 23(b)(3) allows for certification if the Court finds "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The predominance requirement is satisfied when "common questions represent a significant aspect of [a] case and . . . can be resolved for all members of [a] class in a single adjudication." *Messner*, 669 F.3d at 815 (alterations in original) (citing Wright & Miller, *Federal Practice & Procedure* § 1778 (3d ed. 2011)). The analysis "begins, of course, with the elements of the underlying cause of action." *Id.* (citing *Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2184 (2011)). Class certification can be appropriate, even if there are individual damages for class members, "if there are substantial common issues that outweigh the single variable of damage amounts." *Arreola*, 546 F.3d at 801. In the present case, the defense does not argue that Grimes failed to meet the requisites of Rule 23(b)(3).

Many of the elements of Grimes' WARN Act claim are susceptible to resolution on a class wide basis. Those issues include: (1) whether the Defendants constitute a "single employer" of the Evergreen RV employees; (2) whether the employer of the proposed class was subject to the WARN Act; (3) whether the closing of each of the facilities constituted a mass layoff or plant closing; and (4) if required, whether the employer provided notice under the WARN Act. Each of these elements will affect the members of the proposed class equally, without need for individualized proof. Such issues go to the heart of Grimes' WARN Act claim and predominate over any individualized issues.

While it is true that success on the claim will result in the need to determine the amount of individual damages suffered by each member of the proposed class, this distinction does not

concern the core question of whether Defendants violated the WARN Act. *See Arreola*, 546 F.3d at 801; *Keele*, 149 F.3d at 594-95. The WARN Act provides for readily calculable back pay damages based on an employee's prior rate of pay, which should readily be discoverable from Defendants' own files. 29 U.S.C. § 2104.

The Court also agrees with Grimes that a single class action is superior in this case to a number of individual actions. In determining whether a class action is superior, Rule 23 includes, as pertinent issues:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3)(A)–(D). Here, several of these considerations work in favor of the superiority of this case as a class action. The 270 individual members of the proposed class likely have little interest in individually prosecuting WARN Act claims, due to the expense required and minimal individual recovery. This finding is supported by Grimes' declaration which indicates that he only suffered about eight thousand dollars in lost pay, plus any additional benefits. It is also desirable to consolidate the claims against Defendants in this district, where Evergreen RV has its base of operations and where many documents and witnesses are likely to be located. Finally, class treatment is more efficient as multiple individual actions would increase expense to the litigants, especially if multiple actions required multiple, concurrent tracts of discovery. And it does not appear that others in the proposed class have initiated similar litigation.

Accordingly, the Court finds that the proposed class meets the requirements of Rule 23(b)(3).

### 6. Conclusion and Class Certification

Because Grimes has demonstrated that certification is appropriate pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court ORDERS that this case be certified as a class action. The Court certifies a class comprised of:

> Any and all persons who worked at or reported to a facility located at 10758 County Road 2, Middlebury, Indiana 46540 or 51700 Lovejoy Drive, Middlebury, Indiana 46540, within sixty days prior to the closing of those facilities.

The class may pursue claims for relief under the WARN Act, 29 U.S.C. § 2101. The Court appoints Mr. Matthew Grimes as representative of this class. Either party may petition the Court for modification of the class definition if subsequent evidence suggests that the class as defined is inappropriate. Fed. R. Civ. P. 23(c)(1)(C).

### C. Appointment of Class Counsel

Rule 23 requires that a court certifying a class also appoint class counsel. Fed. R. Civ. P. 23(c)(1)(B), (g). Class counsel must fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(a)(4). In appointing class counsel, the court must consider the following: "the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

As previously detailed, the Court finds that the attorneys at Outten & Golden, LLP, and local liaison attorneys at Cohen & Malad LLP, will fairly and adequately represent the interests of the class. These attorneys have reviewed and investigated the potential claims in this case,

have experience in handling class action litigation, have knowledge of the law relative to the claim asserted, and have the resources that are necessary to represent the class. Therefore, in compliance with Rule 23(g)(1), and as requested by Grimes, Outten & Golden, LLP, is appointed as class counsel and Cohen & Malad LLP, is appointed as liaison counsel.

**D.     Class Notice**

For classes certified under Rule 23(b)(3), the following notice must be given to the class members concerning the class certification:

> [T]he best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
> (i)     the nature of the action;
> (ii)    the definition of the class certified;
> (iii)   the class claims, issues, or defenses;
> (iv)    that a class member may enter an appearance through an attorney if the member so desires;
> (v)     that the court will exclude from the class any member who requests exclusion;
> (vi)    the time and manner for requesting exclusion; and
> (vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B); *see Smith v. Shawnee Library System*, 60 F.3d 317, 321 (7th Cir. 1995) (noting that class members of a Rule 23(b)(3) class must receive reasonable notice and an opportunity to opt out, which is an absolute requirement for a court to exercise jurisdiction over those class members) (citations omitted).

Plaintiff's counsel has presented the Court with a proposed notice of class action [DE 30-4]. In response, the defense would like the opt-out time extended from 30 to 60 days, and it would prefer to have the opt-out form postmarked, emailed, or faxed (as opposed to received) by the opt-out date [DE 39]. Plaintiff's counsel does not oppose these changes [DE 41].

**Accordingly, these changes shall be made to the notice, and the proper dates must be inserted into the form prior to mailing**.

Moreover, the Court finds that the best notice that is practicable under the circumstances is to **DIRECT** Plaintiff's counsel to send out by way of first class U.S. mail (postage prepaid) the "Notice of Class Certification" and "Exclusion Form," <u>as modified herein</u>, to all class members identified through reasonable effort, not later than **15 days** after Plaintiff's receipt of the proposed class members' last known mailing addresses from defense counsel. Defense counsel shall provide those addresses within **15 days** of this Order. Within **30 days** after mailing the notices, Plaintiff's counsel shall file with this Court a status report identifying those potential class members that could not be located. Based on the number of notices returned as undeliverable, the Court will consider the need for additional methods of notice to the class members. After the opt-out deadline has expired, Plaintiff's counsel shall serve and file a sworn statement listing the names of any persons who have opted out of the class. The Court **APPROVES** the Notice of Class Certification [DE 30-4] with the following clarifying revisions:

1) Omit the caption, and simply identify the case name (that is, the parties involved), the cause number, and the court, so as to prevent the notice from looking like a court order or filing;

2) Insert the revised class definition in the first paragraph (beginning with "TO:") and on the second page providing "The Definition of the Class";

3) Revise the SUBJECT to read: "A former employee, Matthew Grimes, has alleged a claim on behalf of himself and others similarly situated, against Evergreen Recreational Vehicles, LLC, KR Enterprises, Inc., and JMA, LLC, asserting that violations under the federal WARN Act occurred when two Middlebury facilities were closed in June 2016 which allegedly resulted in lost wages and benefits without adequate notice.";

4) Insert the actual dates for opting out in the notice AND in the exclusion form;

5) Insert the following language under the heading "Class Counsel and Class Representative":

**If you are a member of the class, you designate the class representative as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. If you are a member of this class, you are giving the class representative and class counsel the authority to negotiate and accept a settlement of your claims in this matter, subject to the Court's approval. These decisions and agreements made and entered into by the representative plaintiff will be binding on you if you are a member of this class. If you desire, you may also retain a lawyer of your choice and have that lawyer enter an appearance in this case, at your own cost.**; and

6) On page 3, replace "The Court has taken no position regarding the merits of the Plaintiff's claims" with the following:
**This notice has been authorized by the United States District Court for the Northern District of Indiana. The Court has taken no position in this case regarding the merits of the claims, and the Court takes no position on whether any individual should opt-out of the class action.**

### III. CONCLUSION

Because Grimes has demonstrated that certification is appropriate pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court **GRANTS** Grimes' Motion for Class Certification [DE 30]; **ORDERS** that this case be certified as a class action with the class defined as stated in Section II.B.6, above; **APPOINTS** Outten & Golden, LLP, as class counsel and Cohen & Malad LLP, as liaison counsel; and, **DIRECTS** class counsel to provide notice of this certification (as amended herein) to each individual member of the class who can be identified through reasonable effort.

SO ORDERED.

ENTERED: March 12, 2018

                                                        /s/ JON E. DEGUILIO
                                                        Judge
                                                        United States District Court