UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MATTHEW GRIMES, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:16-CV-472-JD |
| EVERGREEN RECREATIONAL VEHICLES, LLC, et al., | ) ) ) ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Now before the Court is a joint motion [DE 73] for orders (1) preliminarily approving the settlement agreement [DE 73-1 at 1-59], (2) approving the form and manner of the class settlement notice [DE 73-1 at 43-59], (3) scheduling a final fairness hearing, and (4) finally approving the settlement agreement. While the Court DENIES as premature any request to finally approve the settlement agreement (because this issue will be considered after the final fairness hearing), the Court GRANTS the remaining requests as indicated below.

### I.  Background

On March 12, 2018, the Court ordered that class certification was warranted under Rule 23(a) and (b)(3) for a class that was seeking damages against Defendants Evergreen Recreational Vehicles, LLC ("Evergreen RV"), KR Enterprises, Inc. ("KR Enterprises"), and JMA, LLC ("JMA") (collectively, "Defendants"), under the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. § 2101. Plaintiff Matthew Grimes ("Grimes") alleged that workers at Defendants' two Middlebury, Indiana facilities (located at 10758 County Road 2 and 51700

Lovejoy Drive) were terminated without the advance notice required by the WARN Act. The Court certified the following class:

> Any and all persons who worked at or reported to a facility located at 10758 County Road 2, Middlebury, Indiana 46540 or 51700 Lovejoy Drive, Middlebury, Indiana 46540, within sixty days prior to the closing of those facilities.

Outten & Golden, LLP, was appointed as class counsel and Cohen & Malad LLP, was appointed as liaison counsel. Mr. Matthew Grimes was appointed as class representative. After the parties conducted additional discovery and twice engaged in mediation, they reached a settlement. As a result, the parties are requesting that the Court preliminarily approve the settlement, as well as grant related relief.

## II. Class Notice and Settlement

For classes certified under Rule 23(b)(3), the notice that must be given to the class members concerning the class certification is dictated by subsection (c)(2)(B), which requires the best notice that is practicable under the circumstances and contains the enumerated details of the action. *See* Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii); *Smith v. Shawnee Library System*, 60 F.3d 317, 321 (7th Cir. 1995) (noting that class members of a Rule 23(b)(3) class must receive reasonable notice and an opportunity to opt out, which is an absolute requirement for a court to exercise jurisdiction over those class members) (citations omitted). In this case, all 315 employees potentially affected by the closing of the Defendants' facilities have been identified by the Defendants. Individual notice of the class certification was successfully sent by mail to all potential class members, save for 5 members whose current addresses could not be located. Only 5 members have requested exclusion.

Relative to the settlement or compromise of class action claims, as presented by the parties' proposed settlement agreement, Rule 23(e) indicates that the claims, issues, or defenses

of a certified class may be settled only with the court's approval. The parties must provide the court with "information sufficient to enable [the court] to determine whether to give notice of the proposal to the class." Fed. R. Civ. P. 23(e)(1)(A). The court "must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to . . . approve the proposal under Rule 23(e)(2)." Fed. R. Civ. P. 23(e)(1)(B); s*ee* Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment ("The decision to give notice of a proposed settlement to the class is an important event. It should be based on a solid record supporting the conclusion that the proposed settlement will likely earn final approval after notice and an opportunity to object."). In turn, subsection (e)(2) of Rule 23 indicates that the court may approve the proposal only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

    (A)    the class representatives and class counsel have adequately represented the class;
    (B)    the proposal was negotiated at arm's length;
    (C)    the relief provided for the class is adequate, taking into account:
        (i)    the costs, risks, and delay of trial and appeal;
        (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
        (iii)    the terms of any proposed award of attorney's fees, including timing of payment; and
        (iv)    any agreement required to be identified under Rule 23(e)(3); and
    (D)    the proposal treats class members equitably relative to each other.

In this case, based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Court finds that the settlement is within the range of likelihood for being approved under Rule 23(e)(3) and that preliminary approval of the settlement agreement is warranted. Specifically, the settlement agreement appears to be the product of earnest, informed, arm's length, and non-collusive negotiations, especially given the extensive amount of investigation conducted, the fact that the parties exchanged potential

damage calculations, and given that counsel engaged in two different mediation sessions with different mediators. The settlement in the total amount of $1.2 million represents approximately 50% of the maximum theoretical damages of the class, which appears reasonable given that: Evergreen RV is now defunct; Evergreen RV would ultimately seek to reduce its liability based on attempts to avoid the shutdown and given unforeseeable business circumstances; and, KR Enterprises and JMA dispute being defined as "employers" for purposes of liability under the WARN Act. In light of these issues, the risk of protracted litigation and non-payment is great absent the settlement agreement. A review of the settlement agreement reveals that the terms of: the one-time $10,000 service fee to the class representative, the proposed award of attorney's fees (that is, one-third of the settlement amount net costs and the service payment), and the reimbursement of costs (not to exceed $30,000), are explicit and unambiguous. Moreover, these terms have been approved as reasonable in similar actions, including in the more than 50 WARN Act class action settlements litigated by class counsel [DE 74 at 11-18; DE 76]. Furthermore, the agreement appropriately identifies a non-profit organization dedicated to advancing employee rights as the cy pres recipient and explains that any residual funds will only be directed to the recipient by Court approval upon motion by class counsel describing the efforts taken to deliver the funds to class members[1] [DE 73-1 at 17]. Although the Court will require additional information (as detailed below) for purposes of determining whether to finally approve the settlement, the materials presented by counsel experienced with WARN Act litigation warrant notice to class members of a final fairness hearing, at which evidence may be presented in support of and in opposition to the proposed settlement.

---

[1] *See, Pearson v. NBTY, Inc.*, 772 F.3d 778, 784 (7th Cir. 2014) (noting that a cy pres award is supposed to be limited to money that can't feasibly be awarded to the intended beneficiaries).

When the parties jointly move for final approval of the settlement, **which shall occur no less than 30 days prior to the final fairness hearing**, the materials provided shall: (1) identify the approximate amount of "Employer Taxes" being deducted from the class fund (realizing of course that KR Enterprises/JMA dispute their status as "employers"); (2) identify those employees who have worked fewer than 120 days for Evergreen; (3) explain the basis for halving the number of working days when an employee worked less than 120 days for Evergreen; (4) explain the type of "documentation or information" relied on for purposes of determining whether an employee suffered an "employment loss"; (5) justify use of the risk factors; (6) explain how Grimes adequately represents the class where his workdays would not be halved nor subject to the 25% risk factor; (7) elaborate on the explanation provided [DE 74 at 16-17] for why the service fee award of $10,000 to Grimes is justified[2] (8) confirm whether any employee objected to placement in a particular subgroup and explain how any such objection was resolved; (9) detail what is included in the "maximum theoretical damages of the class;" and (10) explain (by way of estimated percentage or dollar figure) how the average "daily rate" compares to the average per diem final settlement payout figure.

The Court finds that the Class Notice, attached as Exhibit C to the settlement agreement [DE 73-1 at 43-52] with certain modifications stated below, meets all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 [DE 77; DE 78], and due process; sufficiently describes, in clear, concise and easily understood

---

[2] *See, e.g. Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, 897 F.3d 825, 835 (7th Cir. 2018) (stating that to determine if an incentive award (or service fee) is warranted, a district court evaluates "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation"; and, holding that there was no abuse of discretion in lowering the incentive award from $15,000 to $1,000 given how little exertion the named plaintiffs expended in pursuing this TCPA action).

language, the nature of the action and claims, the certified settlement class, and the issues and defenses; states that the settlement agreement, if approved, will be binding on all class members; summarizes the terms of the settlement agreement and the right of and manner for each of the class members to receive payment under the settlement or to opt-out of or object to the settlement agreement; informs each of the class members of his or her right to appear by counsel at the fairness hearing, and that further information is available from class counsel upon request; informs the class members that the settlement agreement provides for the release of their claims pursuant to the settlement agreement and for the payment of class counsel's attorneys' fees, expenses, and other costs; and constitutes due, adequate, and sufficient notice to all persons entitled to notice. Class notice will be provided to each of the class members by first class mail, postage prepaid, at their last known address that was found in Evergreen's records or as updated by class counsel. Prior to proceeding to the fairness hearing, the Court will evaluate whether the notice was sufficient based upon the number of class members actually receiving notice.

Accordingly, the Court **HEREBY ORDERS**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure that:

1. The settlement agreement is hereby preliminarily approved—pending a final hearing on the proposal—as fair, reasonable and adequate (for the reasons stated herein). The settlement class, defined as:

> Any and all persons who worked at or reported to a facility located at 10758 County Road 2, Middlebury, Indiana 46540 or 51700 Lovejoy Drive, Middlebury, Indiana 46540, within sixty days prior to the closing of those facilities.

is properly certified for settlement purposes, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

2. The class notice and the service of such notice by class counsel will be provided to each of the class members by first class mail, postage prepaid, at their last known address that was found in Evergreen's records or as updated by class counsel. **Such mailing will be made within 10 days of the entry of this Order.** The form and content of the class notice is hereby approved except with respect to the revisions ordered below.

3. **Within 14 days after mailing the notices, class counsel shall file with this Court a status report verifying that the notice was disseminated in accordance with this Order and identifying those potential class members that could not be located**. Based on the number of notices returned as undeliverable, the Court will consider the need for additional methods of notice to the class members. The class notice shall be substantially similar to the form provided and approved herein **<u>EXCEPT the following revisions are ORDERED to be made</u>:**

- **The list of employees identified as employed for less than 120 days AND the lists identifying which employees were assigned to each risk factor subgroup SHALL BE ATTACHED TO THE NOTICE.**

- **In the second paragraph of page 1, the following language shall be added:**
  This notice has been authorized by the United States District Court for the Northern District of Indiana. The Court has taken no position in this case regarding the merits of the claims, and the Court takes no position on whether any individual should opt-out of or object to the class action.

- Consistent with the Court's authority under Rule 23(e)(4) and given that additional information will be forthcoming in the parties' joint motion for final approval of the settlement, the Court ORDERS the notice to provide an additional opt-out opportunity, by stating:

  **If you do NOT wish to participate in this Action, and wish to be EXCLUDED and thereby reserve your rights under the WARN Act and NOT share in any recovery in the Action,** mail a letter providing your name and name of this case, along with a request to be excluded from the Action by First Class Mail to Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017, (212) 245-1000, Attn: René S. Roupinian. **The letter must be received by Ms. Roupinian no later than 10 days prior**

**to the fairness hearing.** All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the class in the Action and will be bound in the same way and to the same extent as all other Class Members.

- **The date by which to opt-out/respond/object, and the date/time of the final fairness hearing shall be included in the notice.**

4. The Court approves the selection of American Legal Claims Services as the Settlement Escrow Agent (otherwise referred to as the "escrow agent" or "administrator"). Based on a review of publicly available information, ALCS is a nationally-recognized notice and claims administration firm who has been appointed as claims administrator in various class action lawsuits. The Court directs class counsel to cause ALCS to perform each and every one of the functions listed in the settlement agreement and this Order. Pursuant to the settlement agreement, costs associated with the administration of the settlement shall be reimbursed from the settlement fund.

5. The Court will consider comments/responses/objections to the settlement agreement, including the plan of allocation and the request for fees, expenses, and costs, if filed with the Court and mailed to counsel of record so that they are received **no later than 10 days prior to the fairness hearing**.

6. A hearing on the final approval of the proposed settlement agreement will be held on a date that allows the class members sufficient time to secure further information regarding the relief sought by the joint motion, to opt-out of or object to the settlement, and/or to engage counsel to appear at the final fairness hearing.

7. With that said, **a final fairness hearing will be held before The Honorable Jon E. DeGuilio, United States District Judge, in his First Floor Courtroom at the Robert A. Grant Federal Building and United States Courthouse, 204 S. Main Street, South Bend,**

**Indiana, 46601 at 1:30 p.m. (Eastern Time) on Thursday, December 5, 2019** to: (A) determine whether the proposed settlement is fair, reasonable, and adequate, and should be approved by the Court, (B) determine whether a Final Approval Order should be entered, which would, among other things, dismiss the Action with prejudice, (C) determine whether the proposed plan of allocation for the proceeds of the settlement is fair and reasonable, and should be approved by the Court, (D) consider class counsel's application for an award of attorneys' fees and reimbursement of expenses, (E) consider the application for the service fee to the class representative and the degree of his participation, and (F) rule upon such other matters as the settlement contemplates and as the Court may deem just and proper.

8. The final fairness hearing may be adjourned by the Court without notice to the class members other than by an announcement of the adjournment at the scheduled time of the fairness hearing. The Court may consider modifications of the settlement (with the consent of the parties) without further notice to the class members.

9. **At least 30 days prior to the fairness hearing,** class counsel shall seek final approval of the settlement. The documents provided must contain the information requested herein and support the request for attorneys' fees and reimbursement of expenses and costs (including the service fee for the class representative). **Any response or objection to the motion for final approval of the settlement shall be filed at least 10 days in advance of the final fairness hearing.**

10. **3 days after the deadline to Opt-Out/Respond/Object,** class counsel shall file with the Court a Notice of Class Action Opt-Outs, Responses, & Objections, listing the names of all persons who timely excluded themselves from the settlement class or timely responded/objected to the proposed settlement.

11. In the event that final settlement approval does not occur, paragraph IV.B. on page 18 of the settlement agreement shall govern the rights of the parties.

12. At this time, the Court retains jurisdiction over all proceedings arising out of or related to the settlement.

SO ORDERED.

ENTERED: September 4, 2019

/s/ JON E. DEGUILIO
Judge
United States District Court